SO ORDERED.

Dated: June 30, 2016

Eddward P. Ballinger Jr., Bankruptcy Judge

David Allegrucci (#12611)
***Allegrucci Law Office, PLLC***
307 North Miller Road
Buckeye, AZ 85326
PH   623.412.2330
FAX  623.878.9807
david.allegrucci@azbar.org
Attorney for Petitioner(s)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| STEVE CASTRO, | Case No. 2-15-bk-11100-EPB |
| and | |
| LISEDIA CASTRO, | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |
| Debtor(s). | |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Chapter 13 Plan ("Plan") of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-8 | $650.00 |
| 9-60 | $670.00 |

The payments are due on or before the 30th day of each month commencing September, 2015. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding

shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** income tax returns for post-petition years 2015 - 2018 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.1

(2) Other Property. The Debtors shall provide, directly to the Trustee the nonexempt portion of their federal and state income tax refunds for the year **2015**, as a supplement to the plan, in the amount of $386.37, for the benefit of unsecured creditors.

(B) **DURATION.** This Plan shall continue for **60** months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than ~~36~~ 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses</u>:

> Attorney Fees. **David Allegrucci**, shall be allowed total compensation of $3,290.00. Counsel received $790.00 prior to filing this case and will be paid **$2,500.00** by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:

> (a) ***Ditech Financial, LLC f/k/a Green Tree Servicing, LLC***, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of **$18,517.03** with 0% interest. Regular post-petition payments will be made directly by the Debtors to the secured

---

1 By stipulating to the requirement to turnover postpetition income tax returns to the Chapter 13 Trustee, the Petitioner(s) expressly reserve the right to assert their Thirteenth Amendment privilege from the U.S. Constitution against involuntary servitude, should the Chapter 13 Trustee attempt to modify their plan unilaterally and increase their monthly plan payments. The Petitioners further assert that they have not waived their Constitutional Right against involuntary servitude by voluntarily filing their bankruptcy petition. *In re* Clemente, 409 B.R. 288, 293 (Bankr. D. NJ 2009).

creditor. Said creditor's objection to the plan was resolved by stipulation, filed as case docket number 39, and is incorporated herein by reference.

(3) <u>Claims Secured by Personal Property</u>:

 (a) **Santander**, secured by a lien in a 2005 *Ford Explorer*, shall be paid a secured claim of **$4,000.00** with **7%** interest. The creditor will receive adequate protection payments of **$40.00** per month. The balance of the debt shall be classified as unsecured.

 (b) ***Capital One Auto Finance***, secured by a lien in a 2010 *Nissan Maxima*, shall be paid a secured claim of **$9,637.75** with **contract** interest. The creditor will receive adequate protection payments of **$268.76** per month. This claim is being paid in full through conduit payments. The monthly adequate protection payments are the amount of the original loan payments and therefore contain the principal and interest due on said claim.

(4) <u>Unsecured Priority Claims</u>:

**NONE**

(5) <u>Surrendered Property</u>.

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

The Debtors will surrender **NONE** in which **NA** has a security interest.

(6) <u>Other Provisions</u>:   **NONE**

(7) <u>Unsecured Nonpriority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan

–3–

*In re Castro*
*Case No. 2-15-bk-11100-EPB*

Case 2:15-bk-11100-EPB   Doc 50   Filed 06/30/16   Entered 06/30/16 07:06:04   Desc
Main Document   Page 3 of 5

1  and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate **remains property of the bankruptcy estate** upon confirmation, subject to the Trustee asserting a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306. Said claim of the Trustee also subject to the holding of *In re* Burgie, 239 B.R. 406, 410 (BAP 9th Cir. 1999) as to when a postpetition asset has to be turned over to a Chapter 13 Trustee by the debtor(s). The Debtor(s) further reserve the right to dismiss one or both of them from this proceeding pursuant to 11 U.S.C. §1307(b) if the postpetition property is sufficient to allow them to continue to reorganize their finances outside the bankruptcy process. Should one or both of the debtors exercise their statutory right of dismissal, based upon future events, they will assert at that time such a dismissal is in good faith because it is based upon events that could not be projected at the time of confirmation rendering *In re* Rosson, 545 F.3d 764 (9th Cir. 2008) inapplicable to such a request. Likewise, such future unknown property interests are not "known or virtually certain information about the debtor's future income or expenses" requiring an adjustment to their confirmed plan of reorganization. *In re* Lanning, 130 S.Ct. 2464, 2475 (2010).

---

## ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

*(signed)* Russell Brown  6/24/16
Russell Brown, Trustee            Date

*(signed)* David Allegrucci  4/26/16
David Allegrucci                  Date
Attorney for Petitioner(s)

1

2

3   The debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

4

5   The Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition.

6

7

8

9   _____  4/11/16
    Debtor                  Date

10

11

12

13  _____  4·11·2016
14  Debtor                  Date

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In re Castro
Case No. 2-15-bk-11100-EPB

–5–